UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

MICHAEL KOEGLER,

                Plaintiff-Respondent,

-against-

LIBERTY MUTUAL INSURANCE
COMPANY,

                Defendant-Petitioner.

PAMELA WOODARD individually and
on behalf of her daughter NATALIE
ALYSSA KOEGLER,

                Defendants.
----------------------------------------x

Civil Action No.

**NOTICE OF REMOVAL**

**M A D A M S/S I R S:**

      Defendant-Petitioner LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, respectfully alleges as follows:

      1.    On or about August 4, 2008, Liberty Mutual was served with a Summons and Complaint in an action entitled <u>Michael Koegler v. Liberty Mutual Insurance Company and Pamela Woodard individually and on behalf of her daughter Natalie Alyssa Koegler</u>, Index No. 602255/08, which was commenced on August 1, 2008 in the Supreme Court of the State of New York, County of New York. The Complaint asserts two causes of action under insurance policies allegedly issued by Liberty Mutual, pursuant to which plaintiff MICHAEL KOEGLER ("Koegler") seeks insurance coverage for the action entitled <u>Pamela Woodward, et al. v. Koegler</u>, Index No. 104272/08, which was

brought in the Supreme Court of the State of New York, New York County (the "Underlying Action"). In the first cause of action, Koegler seeks a declaratory judgment that Liberty Mutual owes him a defense and indemnity for the Underlying Action. In the second cause of action, Koegler seeks consequential damages as a result of Liberty Mutual's alleged breach of its policy. A copy of the Summons and Complaint is annexed hereto as Exhibit "1".

2. The Notice of Removal is being filed by Liberty Mutual within thirty (30) days of the service of the Summons and Verified Complaint and is timely filed pursuant to 28 U.S.C. § 1441, 1446.

3. Liberty Mutual's time to move, answer, or otherwise respond to the Complaint has not expired.

4. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332; the amount in controversy exceeds $75,000.00 and Koegler and Liberty Mutual are citizens of different states.

5. Upon information and belief, at all relevant times, Koegler was, and still is, a citizen of the State of New York, residing at 180 Riverside Boulevard, Apt. 18G, New York, New York.

6. At all relevant times, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

7. The remaining defendants' citizenship is irrelevant for removal purposes. No relief is sought in the Complaint as against any defendant other than Liberty Mutual. The other defendant was fraudulently joined to this case to prevent Liberty Mutual from exercising its right of removal.

8. However, for purposes of complying with Local Civil Rule, Liberty Mutual states that, upon information and belief, defendant PAMELA WOODARD and her daughter are citizens of the State of New York, residing at 20 Riverside Terrace, Apt. 18G, New York, New York.

9. Written notice of the filing of the Notice of Removal shall be given to adverse parties, and Liberty Mutual shall file the notice with the Clerk of the Supreme Court of the State of New York, County of New York, as required by law.

10. Liberty Mutual has not answered, moved, or otherwise responded to the Complaint, and no other proceedings have occurred heretofore in this action.

11. No previous application for the relief requested herein has heretofore been made.

**WHEREFORE,** defendant-petitioner LIBERTY MUTUAL INSURANCE COMPANY respectfully requests that this action be removed to this Court.

Dated: New York, New York
       August 27, 2008

                        Yours, etc.,

                        JAFFE & ASHER LLP

                        By: _____
                            Marshall T. Potashner (MTP-3552)
                            Mark P. Monack (MPM-0187)
                        Attorneys for Defendant-Petitioner
                        LIBERTY MUTUAL INSURANCE COMPANY
                        600 Third Avenue, 9th Floor
                        New York, New York 10016
                        (212) 687-3000

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
MICHAEL KOEGLER,

          Plaintiff,

- against -

LIBERTY MUTUAL INSURANCE COMPANY and
PAMELA WOODARD individually and on behalf of her
daughter NATALIE ALYSSA KOEGLER,

          Defendants
-------------------------------------------------------------X

Index No. 602255/08
Date Filed: 8-1-08

SUMMONS

Plaintiff designates New York County as the place of trial.

The basis of the venue is plaintiff's residence.

TO THE ABOVE-NAMED DEFENDANTS

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service where service is made by you personally within the State or within thirty (30) days after completion of service where service is made in any other manner, and in case of your failure to appear or answer, judgment shall be taken against you by default for the relief stated in the complaint.

Dated:    New York, New York
           August 1, 2008

SARETSKY KATZ DRANOFF & GLASS, L.L.P.

By: _____
     Allen L. Sheridan
Attorneys for Plaintiff
Office and P.O. Address:
475 Park Avenue South
New York, New York 10016
(212) 973-9797

Defendant's Address:
LIBERTY MUTUAL INSURANCE COMPANY
50 Charles Lindberg Boulevard
Uniondale, New York  11553

PAMELA WOODARD and NATALIE ALYSSA KOEGLER
20 River Terrace, Apt. 18G
New York, New York  10069

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
MICHAEL KOEGLER,

                              Plaintiff,                    Index No.:

              - against -                      COMPLAINT

LIBERTY MUTUAL INSURANCE COMPANY and
PAMELA WOODARD, individually and on behalf of
her daughter, NATALIE ALYSSA KOEGLER,

                            Defendants.
-------------------------------------------------------------------x

        Plaintiff, Michael Koegler, by his attorneys, Saretsky Katz Dranoff & Glass, L.L.P., for his complaint alleges, upon information and belief, as follows:

### The Nature of the Action

        1.     This is an action for breach of contract based upon defendant Liberty Mutual Insurance Company's ( Liberty Mutual") breach of its duty to defend the plaintiff, and, pursuant to CPLR 3001, for a judgment adjudging and declaring that defendant Liberty Mutual is obligated to provide liability insurance coverage to the plaintiff for the claims asserted against the plaintiff in a personal injury action pending in the Supreme Court of the State of New York, County of New York in accordance with certain policies of liability insurance issued by Liberty Mutual under which plaintiff is an insured.

### The Parties

        2.     At all times relevant hereto, plaintiff is a resident of the City and State of New York and is the father of defendant Natalie Alyssa Koegler ("Natalie").

        3.     At all times relevant hereto, defendant Liberty Mutual was, and still is, a corporation organized and existing under the laws of the State of Massachusetts,

maintaining its principle place of business in the State of Massachusetts, and conducting an insurance business in the State of New York.

4.   At all times relevant hereto, defendant Pamela Woodard ("Ms. Woodard") is the mother of Natalie and both reside in the City and State of New York.

### The Facts

5.   Effective May 12, 2000, Liberty Mutual issued to plaintiff a LibertyGuard Tenants Policy bearing policy number H42-221-692693-007 5 (the "Policy") which was subsequently renewed on an annual basis. The Policy provides plaintiff with coverages including liability insurance for his personal liability arising out of occurrences taking place during each annual policy period.

6.   Effective June 21, 2000, Liberty Mutual issued to plaintiff a LibertyGuard Personal Catastrophe Liability Policy bearing policy number LJ1-221-696456-000 3 (the "Excess Policy") which was subsequently renewed on an annual basis. The Excess Policy provides plaintiff with coverages including liability insurance for his personal liability arising out of occurrences taking place during each annual policy period in excess of the limits of the Policy.

7.   On or about March 20, 2008, an action was commenced in the Supreme Court of the State of New York, County of New York, entitled *Pamela Woodard, individually and on behalf of her daughter, Natalie Alysa Koegler v. Michael H. Koegler* (the "Underlying Action").

8.   The complaint in the Underlying Action, which action is now pending, alleges, inter alia, that Ms. Woodard sustained personal injuries between April 2005 and October 2007 and that Natalie sustained personal injuries between the time of her birth

on December 28, 2005 and October 14, 2007 as a result of the acts and/or omissions of the plaintiff.

9. The complaint in the Underlying Action asserts three causes of action alleging personal injures caused by the plaintiff's intentional, negligent and/or fraudulent conduct, respectively and seeks compensatory damages in the amount of $5,000,000.00 for each cause of action and punitive damages in an unspecified amount on the first and third causes of action.

10. Plaintiff was served with the complaint in the Underlying Action on or about March 25, 2008 and on March 26, 2008 plaintiff provided notice of the Underlying Action to Liberty Mutual under both the Policy and the Excess Policy (collectively, the "Policies") together with a copy of the complaint in the Underlying Action.

11. Plaintiff fully performed al conditions precedent under the Policies.

12. By letter dated May 5, 2008 (the "Disclaimer"), Liberty Mutual purported to disclaim liability and deny coverage to the plaintiff under the Policy in effect between May 12, 2004 and May 12, 2008 and under the Excess Policy in effect between June 21, 2004 and June 21, 2008 for the claims asserted against the plaintiff in the Underlying Action.

13. The Disclaimer is invalid because Liberty Mutual is precluded from disclaiming liability and denying coverage under the Policies because Liberty Mutual failed to provide timely notice of the Disclaimer as mandated by §3420(d) of the New York Insurance Law.

### First Cause of Action

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1

through 13, inclusive, as if the same were fully set forth herein at length.

15. An actual controversy exists between the plaintiff and Liberty Mutual concerning Liberty Mutual's obligation under the Policy to defend the plaintiff in the Underlying Action and to pay on behalf of the plaintiff all sums that the plaintiff may become legally obligated to pay as damages in the Underlying Action under the Policies.

16. Plaintiff has no adequate remedy at law.

17. By reason of the foregoing, plaintiff is entitled to judgment declaring that Liberty Mutual's disclaimer is invalid and it is obligated, under the Policies, to (a) defend plaintiff under the Policy in the Underlying Action and (b) pay on behalf of plaintiff all sums that plaintiff may become legally obligated to pay as damages in the Underlying Action up to the limit of liability of the Policies.

### Second Cause of Action

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 13, inclusive, as if the same were fully set forth herein at length.

19. Pursuant to the terms and conditions of the Policy, Liberty Mutual was obligated, among other things, to undertake to defend the plaintiff in the Underlying action.

20. Liberty Mutual breached its duty under the Policy by failing and refusing to defend the plaintiff in the Underlying action.

21. By reason of Liberty Mutual's breach of the Policy, plaintiff has sustained consequential damages in a sum to be determined at the time of trial.

WHEREFORE, plaintiff demands judgment against Liberty Mutual:

(i) declaring that Liberty Mutual's disclaimer is invalid and it is obligated to (a) defend plaintiff under the Policy in the Underlying Action and (b) pay on behalf of the plaintiff all sums that the plaintiff may become legally obligated to pay as damages in the Underlying Action up to the limit of liability of the Policies,

(ii) for consequential damages in a sum to be determined at the time of trial resulting from Liberty Mutual's breach of its duty to defend under the Policy, and

(iii) awarding plaintiff such other, further and different relief as the Court deems just and proper, including costs, disbursements, interest, and attorney's fees.

Dated: New York, New York
August 1, 2008

        Saretsky Katz Dranoff & Glass, L.L.P.
        Attorneys for Plaintiff

        By: _____
            Allen L. Sheridan

        475 Park Avenue South
        New York, New York 10016
        (212) 973-9797

Index No.                      Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

MICHAEL KOEGLER,

                       Plaintiff,

- against -

LIBERTY MUTUAL INSURANCE COMPANY and PAMELA WOODARD individually and on behalf of her daughter NATALIE ALYSSA KOEGLER,

                       Defendants.

## SUMMONS AND COMPLAINT

SARETSKY KATZ DRANOFF & GLASS, L.L.P.

Attorney(s) for    **Defendant**
Office and Post Office Address
475 PARK AVENUE SOUTH
NEW YORK, N.Y. 10016
(212) 973-9797
Fax (212) 973-0939

To

Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated,

         Attorney(s) for

---

Sir: Please take notice

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a duly entered in the office of the clerk of the within named court on      20

☐ *NOTICE OF SETTLEMENT*
that an order        of which the within is a true copy will be presented for settlement to the HON.                             one of the judges

of the within named Court, at
on the            day of          20    at      M.

Dated,

COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a

                                           Yours, etc.
To the best of the undersigned's knowledge, information and belief formed after an inquiry reasonable under the circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22 NYCRR §130-1.1-a.

SARETSKY KATZ DRANOFF & GLASS, L.L.P.
Attorney(s) for

Office and Post Office Address
475 PARK AVENUE SOUTH
NEW YORK, N.Y. 10016
(212) 973-9797
Fax (212) 973-0939

To

Attorney(s) for