UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

MICHAEL KOEGLER,                                    08-CV-7645 (CM)

                        **Plaintiff- Respondent,**

    -against-

LIBERTY MUTUAL INSURANCE COMPANY,

                        **Defendant-Petitioner,**

    - and -

PAMELA WOODARD individually and on behalf
of her Daughter NATALIE ALYSSA KOEGLER,

                        **Defendants.**

------------------------------------------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/21/09

### MEMORANDUM ORDER CLARIFYING THE COURT'S PRIOR DECISION AND DIRECTING THE DISMISSAL WITHOUT PREJUDICE OF THE PREMATURELY INTERPOSED CLAIM FOR INDEMNIFICATION

McMahon, J.:

       In its decision and order dated April 9, 2009, the court granted plaintiff's motion for partial summary judgment and asked the plaintiff to advise why the motion was for partial judgment only.

       Defendant has responded to this request by asserting that the motion was addressed only to whether Liberty Mutual had a duty to defend its insured – not whether it had any duty to indemnify the insured. The court has reviewed the Notice of Motion and I agree that this is correct. The April 9 Memorandum Decision and Order are deemed amended to delete all references to the insurer's duty to indemnify its insured.

       Both parties agree that the motion for was for partial summary judgment because the court was asked to decide only the duty to defend – not the duty to indemnify. I will therefore amend the prior order to remove the one or two stray references to indemnification that found their way into that decision.

However, that does not explain why this matter needs to be on the calendar of the court. Both sides appear to believe that it would be premature to determine whether Liberty Mutual has a duty to indemnify plaintiff for any award he may be forced to pay to the plaintiffs in the Underlying Action. Liberty Mutual states that its duty to indemnify cannot be ascertained until the trier of fact in the Underlying Action (now pending in the New York State Supreme Court) ascertains whether the insured's liability to his girlfriend and child (if there be any liability) was predicated on negligence or battery (intentional tort). Only if liability was occasioned by negligence – an accident – will indemnification exist under the policy. N.Y. Ins. Law § 3420(d), Iafallo v. Nationwide Mutual Fire Ins. Co., 299 a.D. 2d 925, 927 (4th Dept. 2002). The insurer takes the position that if the plaintiff committed an intentional tort, it will not be liable to indemnify its insured. Coverage of intentional tort is expressly excluded by the terms of the policy.

A letter received yesterday from plaintiff's counsel agrees that a determination regarding indemnification cannot be made until the basis for liability, if any, of Koegler to the plaintiffs in the Underlying Action is ascertained.

What this means is that there is no reason for me to keep this action open on my docket indefinitely. There has as yet been no refusal to indemnify, so a claim for indemnification is premature – there is as yet no case in controversy. Of course, the claim for a declaration that plaintiff is entitled to indemnification will be dismissed without prejudice, so that if it ever should ripen, a new lawsuit can be commenced. But until the claim ripens, there need be no lawsuit open on the court's docket.

The only other matter relates to Liberty Mutual's duty to cover the cost of Mr. Koegler's defense to date and in the future. The court will keep the matter open for thirty days. The parties shall notify me whether it will be necessary for the court to award damages in the amount of prior costs of representation, or whether Liberty Mutual will cover those costs voluntarily.

Dated: April 21, 2009

_____
U.S.D.J.

BY ECF TO ALL COUNSEL