UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

MICHAEL KOEGLER,                                          08-CV-7645 (CM)

                                 Plaintiff- Respondent,

          -against-

LIBERTY MUTUAL INSURANCE COMPANY,

                                 Defendant-Petitioner,

          - and -

PAMELA WOODARD individually and on behalf
of her Daughter NATALIE ALYSSA KOEGLER,

                                 Defendants.

---------------------------------------------------------------------X

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 4/21/09

### MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT OF LIABILITY (amended)

**Factual Background:**

In this insurance coverage dispute, Plaintiff Michael Koegler ("Koegler") moves

for partial summary judgment, pursuant to Fed. R. Civ. P. 56(a) declaring that his insurer,

Liberty Mutual Insurance Company ("Liberty Mutual"), is required to defend him in a

lawsuit presently pending in the New York State Supreme Court.  Koegler has been sued

by his girlfriend, nominal defendant Pamela Woodard, and her minor daughter (who is

also Koegler's daughter), in an action alleging that Koegler either knowingly or

negligently infected the mother and daughter with both human papillomavirus (HPV) and

Herpes. Koegler allegedly had unprotected sex with Woodard; The child was allegedly

infected when Koegler kissed her on the lips. *Id.* at ¶ 9. *See* Pl. Mot. Summ. J. Ex. A ¶¶ 15,16, 20.

Liberty Mutual insures Koegler under two policies: a Tenants Policy and a Personal Catastrophe Liability Policy, which is an excess policy (together the "Policies"). Compl. ¶¶ 5-6. Both policies contain an explicit exclusion for action arising out of the transmission of communicable diseases. Nonetheless, Koegler tendered the defense of the State Court Action to his insurer. Although both exclusions are apparent from the face of the policy, it took Liberty Mutual 40 days to disclaim coverage, allegedly because the unusualness of the situation compelled a thorough coverage review.

Koegler's complaint in this Court alleges that Liberty Mutual failed to disclaim coverage in a timely manner as required by § 3420(d) of the New Your Insurance Law (McKinney 2009), and so should be required to defend and indemnify him. *Id.* at ¶ ¶ 13, 19, 21. .

Liberty Mutual Claims opposes the motion for summary judgment. It contends that issues of fact exist concerning (1) whether it provided written notice as soon as was reasonably possible and (2) whether New York Insurance Law § 3420(d) applies in this case. The latter presents a pure question of law; the former may or may not, depending on the circumstances of the case.

I conclude that no disputed issues of fact exist, and that the insurer unreasonably delayed its disclaimer as a matter of law. Accordingly, the motion for partial summary judgment is granted.

## Discussion

The Court will grant summary judgment if the evidence offered shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Court views the record in the light most favorable to the non-movant and resolves all ambiguities and draws all reasonable inferences against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Donahue v. Windsor Locks Bd. of Fire Commn'rs*, 834 F.2d 54, 57 (2d Cir. 1987).

### (1) Section 3420(d) Applies To Liberty's Disclaimer

Under New York Insurance Law § 3420(d), an insurer is required to provide a written disclaimer or denial of coverage "as soon as is reasonably possible." N.Y. Ins. Law § 3420(d) (McKinney 2009); *See First Fin. Ins. Co. v. Jetco Contracting Corp.*, 1 N.Y.3d 64, 68 (2003). "While the Legislature specified no particular period of time, its words 'as soon as is reasonably possible" leave no doubt that it intended to expedite the disclaimer process." *Id.* Timeliness of a disclaimer is "'measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage.'" *Id.* at 68-69 (quoting *Matter of Allcity Ins. Co.*, 78 N.Y.2d 1054, 1056 (1991)). "Failure of an insurer to give written notice of disclaimer of liability or denial of coverage to the insured 'as soon as is reasonably possible' precludes effective disclaimer or denial." *Alice J. v. Joseph B.*, 198 A.D.2d 846, 846-47 (N.Y. App. Div. 4th Dep't 1993), *Zappone v Home Ins. Co.*, 55 N.Y.2d 131, 135 (1982); *Hartford Ins. Co. v. County of Nassau*, 46 N.Y.2d 1028, 1030 (1979).

Liberty argues that there is a disputed issue of fact concerning whether § 3420(d) applies in this case. The statute by its terms requires an insurer to disclaim liability or deny coverage "for death or bodily

injury arising out of a motor vehicle accident or any other type of accident occurring within this state." Liberty argues that there was no "accident" here, so the statute does not apply. Plaintiff urges that its allegation of negligent transmission of the viruses satisfies the "accident" requirement.

The interpretation of the word "accident" presents an issue of statutory construction, not a question of disputed fact for trial. It is, therefore, properly resolved by a court. And it has been resolved by the highest possible court—the New York Court of Appeals—in *McGroarty v. Great Am. Ins. Co.*, 36 N.Y.2d 358 (1975), *rearg. denied*, 36 N.Y. 2d, 874 (1975). Applying well-settled principles of policy construction – which in New York require a court to construe terms used in insurance policies most favorably to the insured – the Court of Appeals concluded that where a reasonable trier of fact *could* conclude (not *did* conclude) that damage done to a victim was not intended, the incident that gave rise to the damage would qualify as an "accident." *McGroarty*, 36 N.Y. 2d at 364-65. In an earlier case, the Court of Appeals ruled that the word "accident," as used in a liability policy, means an event of an unexpected character that takes place without the actor's foresight or expectation – or, put otherwise, "an unexpected, unfortunate occurrence." *A. Johnson Corp. v. Indem. Ins. Co. of N. Am.*, 7 N.Y. 2d 222, 222 (1959). And of course any ambiguity in the term must be resolved against the insurer. *State Farm Mut. Auto. Ins. Co. v. Bush*, 46 A.D. 2d 958, 959 (3d Dept. 1974).

Here, the plaintiffs in the Underlying Action allege both intentional and negligent transmission of the herpes and HPV viruses. A reasonable trier of fact could certainly conclude that Koegler's alleged conduct amounted only to negligence, even if he knew that he carried the viruses. Accordingly, the incidents that form the basis of the Underlying Action fall within the meaning of the term "accident" as defined by New York's highest court.

### (2) Coverage Was (Not) Timely Disclaimed

The conduct challenged in the Underlying Action also falls within the clear meaning of an exclusion in each of the policies. The Tenants Policy provides::

> Coverage E- Personal Liability and Coverage F-Medical Payments to
> Others do not apply to "bodily injury" or "property damage"
> ...................................................................
> j. Which arises out of the transmission of a communicable disease by
> an "insured;"

Appended to the Personal Catastrophe Liability Policy is the following

Endorsement:

COMMUNICABLE DISEASE EXCLUSION.

It is agreed that the following exclusion is added to Section II Coverage –
Personal Excess Liability; Exclusions:

This policy also does not apply to:
k.        Personal injury or property damage which arises out of the
transmission of a communicable disease, virus, or syndrome by any
insured.

That losses due to Koegler's transmission of communicable disease are not covered under the

policies is readily apparent from the face of those policies. Nonetheless, it took Liberty Mutual forty days to

notify plaintiff that it was disclaiming coverage. The question is whether that was an unreasonable amount

of time.

"Most often the question whether a notice of disclaimer has been sent 'as soon as is reasonably

possible' will be a question of fact, dependent on all of the circumstances of a case that make it reasonable,

or unreasonable, for an insurer to investigate coverage." *First Fin. Ins.*, 1 N.Y.3d at 70, *Hartford Ins. Co.*,

46 N.Y.2d at 1030.

However, where the "basis for the disclaimer was or should have been readily apparent before the

onset of the delay, any explanation by the insurer for its delay will be insufficient as a matter of law. . . ."

*Bovis Lend Lease LMB, Inc. v. Royal Surplus Lines Ins. Co.*, 27 A.D.3d 84, 88 (App. Div. 1st Dep't 2005).

In the present case, Liberty Mutual excuses the delay in disclaiming by arguing

that it had to conduct a thorough coverage review prior to issuing a disclaimer. Def.

Mem. in Opp. to Summ. J. at 8. Liberty suggests that the Underlying Action involved an

unusual type of claim and a seldom-used exclusion. Before disclaiming, the claims

handler obtained copies of Koegler's expired policies and reviewed them – the purpose

of which is not immediately apparent to the Court -- and then consulted with supervisors

about the enforceability of certain exclusions under New York law. Eventually, the

claims handler sought and obtained a coverage opinion from outside counsel. *Id.* at 8-11.

Insurers should be cautious when disclaiming coverage. But in this case, the applicable policy exclusion are so obvious that they either were or should have been readily apparent to the claims handler. The complaint in the Underlying Action alleged transmission of a communicable disease. Both of Koegler's policies contained exclusions for just such a claim. The exclusions are couched in plain English, and are not at all difficult to understand. Pl. Ex. A, B-C. As soon as Liberty received the complaint in the Underlying Action, it should have known that Koegler's request for defense and indemnity could be denied under the Communicable Disease Exclusion. Defendant offers no evidence at all to support its contention that the invocation of this particular exclusion was rare; claims for transmission of communicable disease apparently occur with enough frequency that Liberty Mutual finds it prudent to include a communicable disease exclusion in standard form policies.

The facts of this case are remarkably similar to those in *Alice J. v. Joseph B.*, *supra*, 198 A.D.2d at 847. There, the Fourth Department held that an insurer was unreasonable as a matter of law when it failed to disclaim coverage pursuant to a communicable diseases exclusion for almost two months. There, as here, the insured, Joseph B., notified the insurer that an action had been filed against him alleging transmission of a communicable disease. *Id.* The Appellate Division held that the delay in disclaiming coverage was unreasonable as a matter of law, because the insurer had enough information to disclaim coverage as soon as it received notice of the underlying action. *Id.*

The only difference between this case and *Alice J.* is that here it took the insurer 40 days from receipt of notice (about six weeks) to disclaim, whereas in *Alice J.* it took the insurer just under two months (about eight weeks). Given the ease with which one can find the relevant exclusion in the policy and its obvious applicability to the claim asserted in the Underlying Action, the slightly shorter period at issue here is equally unreasonable. Or to put it in the language of the case law, it was unreasonable as a matter of law for the claims handler to undertake a coverage review, because the basis for the disclaimer was or should have been readily apparent at the onset of the delay.

The result may seem unfair, because Koegler is not contractually entitled to be defended (or indemnified) by his insurer for the claims asserted against him. However, New York is an exceedingly pro-insured jurisdiction. Again and again its Legislature and courts hold insurers' feet to the fire, penalizing them for the slightest misstep. This is just such a case.

Plaintiff's motion for partial summary judgment is granted, and the court declares that the defendant has a duty to defend its insured.

## Conclusion

Plaintiff has ten days to send a letter to the court explaining why the motion is only for partial summary judgment, and what is left to decide in this action.

Dated: April 21, 2009

U.S.D.J.

BY ECF TO ALL COUNSEL